## De Simone et al., Administrators, v. City of Philadelphia (No. 1)

*J. T. Maioriello, G. T. Maioriello* and *L. H. Kline,* for plaintiffs.

*Frank F. Truscott,* for defendant.

Bok, P. J., October 24, 1951.—This is a petition for discovery through written interrogatories. Objections have been filed by defendant.

The petition is brought under the new discovery procedure, appearing in Rules of Civil Procedure 4001, et seq. This is relatively new ground, possibly newer than need be because it is more restricted than the Federal procedure relating to discovery. We have the general signpost of Hickman, Admr., v. Taylor et al., 329 U. S. 495 (1947), in which Mr. Justice Jackson

said that "mutual knowledge of all the relevant facts . . . is essential to proper litigation". And so recently as not yet to be reported is Judge Smith's opinion in Mackowain v. Gulf Oil Corp., C. P. No. 5, March term, 1951, no. 5351, filed on October 2, 1951, in which such a petition was granted.

We feel that the discovery procedure deserves liberal treatment within the limits of the restrictions stated in the rules.

Since rule 4012(b) provides that "a party filing a petition for discovery by written interrogatories shall attach a copy of the interrogatories to the petition", and since this has been done here, there is no point to the objection that the petition fails to set forth the facts sought to be discovered. Nor does defendant's statement that the facts are already known to plaintiffs because they appear in the notes of the coroner's inquest make it so. Defendant can say so in its answer to the interrogatories, but it is special pleading here. The purpose of the discovery procedure is to lay bare the appropriate facts, and it is nonetheless so because both sides may have the same source of knowledge.

Defendant's second objection is that it is asked for data having to do with other city-operated pools than the one in suit. We cannot say that such data is absolutely irrelevant, for if the city has established general rules of safety and supervision, its failure—if there was one—to live up to them at a particular pool may carry a reference to negligence that plaintiff is entitled to. For all we can tell, such safety regulations may be a matter of law or ordinance, and we hesitate to compel a petitioning litigant to justify complete relevance in advance unless irrelevance or contravention of a legal rule of evidence unmistakably appears.

The third objection is well taken, being based upon the settled rule that no inference of negligence arises from defendant's alterations or repairs to its property

after an accident happens. Since we will sustain this objection to several of the interrogatories in which the defect appears, we might add, by way of caution, that the sustaining of objections at this stage of a case should be limited thereto. Events at the trial might justify the evidence, which might conceivably even be desired in the record by a party objecting to it here. Hence any such conclusion reached here should not be taken as being permanently written on the wall.

The city's objection is sustained to the following interrogatories or parts thereof: 2(b) ; 3(b) ; 3(e) ; 5(a), unless limited to June 29, 1949; 7, 7(a) and 7(c) unless limited to June 29, 1949, or before; 8, by striking out the words "or to be likely to have", as being too general, and also the words "or after".

The interrogatories so limited are approved, service of them upon defendant is allowed, and defendant shall file answers to them within 20 days.

It is so ordered.